IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CLASS ACTION

CASE NO. 9:18-cv-80775-RLR

JAY BOWLBY, indvidually and on behalf of all others
similarly situated,

    Plaintiff,

vs.

HIGH Q AUTOMOTIVE CONSULTING, LLC, a
Florida Limited Liability Company,

    Defendant.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED CLASS ACTION COMPLAINT**

Defendant HIGH Q AUTOMOTIVE CONSULTING, LLC ("High Q Automotive") answers the Amended Class Action Complaint and asserts its Affirmative Defenses as follows:

1. High Q Automotive admits that Plaintiff has filed a putative class action seeking relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), but denies that High Q Automotive has violated the TCPA, denies that any class exists, denies that Plaintiff can maintain this action as a class action, and denies that the class as alleged can be certified.

2. High Q Automotive admits that Plaintiff has filed a putative class action seeking relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), but denies that High Q Automotive has violated the TCPA, denies that any class exists, denies that Plaintiff can maintain this action as a class action, and denies that the class as alleged can be certified.

3. High Q Automotive admits that it is a corporation that sells vehicles. High Q Automotive denies the remaining allegations.

4. High Q Automotive denies these allegations.

5. High Q Automotive admits that Plaintiff has filed a putative class action seeking relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), but denies that High Q Automotive has violated the TCPA, denies that any class exists, denies that Plaintiff can maintain this action as a class action, and denies that the class as alleged can be certified.

6. High Q Automotive admits that venue is proper in the United States District Court for the Southern District of Florida. High Q Automotive admits that there is personal jurisdiction over it in this jurisdiction. High Q Automotive denies the second sentence.

7. High Q Automotive states that it lacks knowledge or information sufficient to form a believe as to the truth of the matters asserted in this paragraph, and on that basis, denies it.

8. High Q Automotive admits these allegations.

9. High Q Automotive admits that the TCPA and any FCC rules, regulations, and ruling and federal court orders interpreting the TCPA are matters of federal law. High Q Automotive further states that Plaintiff's characterization of those federal statutes, rules, regulations and orders constitute conclusions of law for which no response is required. Except as admitted, the allegations of this paragraph are denied.

10. High Q Automotive admits that the TCPA and any FCC rules, regulations, and ruling and federal court orders interpreting the TCPA are matters of federal law. High Q Automotive further states that Plaintiff's characterization of those federal statutes, rules, regulations and orders constitute conclusions of law for which no response is required. Except as admitted, the allegations of this paragraph are denied.

11. High Q Automotive admits that the TCPA and any FCC rules, regulations, and ruling and federal court orders interpreting the TCPA are matters of federal law. High Q Automotive further states that Plaintiff's characterization of those federal statutes, rules, regulations and

orders constitute conclusions of law for which no response is required.  Except as admitted, the allegations of this paragraph are denied.

12. High Q Automotive admits that the TCPA and any FCC rules, regulations, and ruling and federal court orders interpreting the TCPA are matters of federal law.  High Q Automotive further states that Plaintiff's characterization of those federal statutes, rules, regulations and orders constitute conclusions of law for which no response is required.  Except as admitted, the allegations of this paragraph are denied.

13. High Q Automotive admits that the TCPA and any FCC rules, regulations, and ruling and federal court orders interpreting the TCPA are matters of federal law.  High Q Automotive further states that Plaintiff's characterization of those federal statutes, rules, regulations and orders constitute conclusions of law for which no response is required.  Except as admitted, the allegations of this paragraph are denied.

14. High Q Automotive admits that the TCPA and any FCC rules, regulations, and ruling and federal court orders interpreting the TCPA are matters of federal law.  High Q Automotive further states that Plaintiff's characterization of those federal statutes, rules, regulations and orders constitute conclusions of law for which no response is required.  Except as admitted, the allegations of this paragraph are denied.

15. High Q Automotive admits that the TCPA and any FCC rules, regulations, and ruling and federal court orders interpreting the TCPA are matters of federal law.  High Q Automotive further states that Plaintiff's characterization of those federal statutes, rules, regulations and orders constitute conclusions of law for which no response is required.  Except as admitted, the allegations of this paragraph are denied.

16. High Q Automotive admits that the TCPA and any FCC rules, regulations, and ruling and federal court orders interpreting the TCPA are matters of federal law.  High Q Automotive

further states that Plaintiff's characterization of those federal statutes, rules, regulations and orders constitute conclusions of law for which no response is required.  Except as admitted, the allegations of this paragraph are denied.

17. High Q Automotive admits that the TCPA and any FCC rules, regulations, and ruling and federal court orders interpreting the TCPA are matters of federal law.  High Q Automotive further states that Plaintiff's characterization of those federal statutes, rules, regulations and orders constitute conclusions of law for which no response is required.  Except as admitted, the allegations of this paragraph are denied.

18. High Q Automotive admits that the TCPA and any FCC rules, regulations, and ruling and federal court orders interpreting the TCPA are matters of federal law.  High Q Automotive further states that Plaintiff's characterization of those federal statutes, rules, regulations and orders constitute conclusions of law for which no response is required.  Except as admitted, the allegations of this paragraph are denied.

19. High Q Automotive admits that the TCPA and any FCC rules, regulations, and ruling and federal court orders interpreting the TCPA are matters of federal law.  High Q Automotive further states that Plaintiff's characterization of those federal statutes, rules, regulations and orders constitute conclusions of law for which no response is required.  Except as admitted, the allegations of this paragraph are denied.

20. High Q Automotive admits that the TCPA and any FCC rules, regulations, and ruling and federal court orders interpreting the TCPA are matters of federal law.  High Q Automotive further states that Plaintiff's characterization of those federal statutes, rules, regulations and orders constitute conclusions of law for which no response is required.  Except as admitted, the allegations of this paragraph are denied.

21. High Q Automotive admits that the TCPA and any FCC rules, regulations, and ruling and federal court orders interpreting the TCPA are matters of federal law. High Q Automotive further states that Plaintiff's characterization of those federal statutes, rules, regulations and orders constitute conclusions of law for which no response is required. Except as admitted, the allegations of this paragraph are denied.

22. High Q Automotive admits that the TCPA and any FCC rules, regulations, and ruling and federal court orders interpreting the TCPA are matters of federal law. High Q Automotive further states that Plaintiff's characterization of those federal statutes, rules, regulations and orders constitute conclusions of law for which no response is required. Except as admitted, the allegations of this paragraph are denied.

23. High Q Automotive admits that it sent Plaintiff the four text messages referenced but denies that these text messages constitute "telemarketing."

24. High Q Automotive admits this paragraph.

25. High Q Automotive denies this paragraph to the extent that the "telemarketing" referenced is based on the TCPA's definition of "telemarketing."

26. High Q Automotive admits this paragraph.

27. High Q Automotive states that it lacks knowledge or information sufficient to form a believe as to the truth of the matters asserted in this paragraph, and on that basis, denies it.

28. High Q Automotive admits that Plaintiff did not provide High Q Automotive with express written consent to be contacted using an "automatic telephone dialing system" ("ATDS") but with the caveat that it does not maintain or use an ATDS.

29. High Q Automotive states that it lacks knowledge or information sufficient to form a believe as to the truth of the matters asserted in this paragraph, and on that basis, denies it.

30. High Q Automotive states that it lacks knowledge or information sufficient to form a believe as to the truth of the matters asserted in this paragraph, and on that basis, denies it.

31. High Q Automotive denies the factual allegations contained in this paragraph. The rest of the paragraph contains legal conclusions, which requires no response.

32. High Q Automotive admit that the text messages originated from telephone number 954-210-5528 but deny that the number was "owned and operated by Defendant," as those are legal conclusions.

33. High Q Automotive denies this paragraph.

34. High Q Automotive states that it lacks knowledge or information sufficient to form a believe as to the truth of the matters asserted in this paragraph, and on that basis, denies it.

35. High Q Automotive denies this paragraph.

36. High Q Automotive admits that Plaintiff purports to bring a claim on behalf of the putative class but denies that Plaintiff is entitled to certify the class.

37. High Q Automotive denies this paragraph.

38. High Q Automotive denies this paragraph.

39. High Q Automotive denies this paragraph.

40. High Q Automotive denies this paragraph.

41. High Q Automotive denies this paragraph, including subparts (1), (2), (3), (4), and (5).

42. High Q Automotive denies this paragraph.

43. High Q Automotive denies this paragraph.

44. High Q Automotive denies this paragraph.

45. High Q Automotive denies this paragraph.

46. High Q Automotive denies this paragraph.

47. High Q Automotive denies this paragraph to the extent it incorporates every preceding paragraph, some of which were denied.

48. High Q Automotive admits that the TCPA and any FCC rules, regulations, and ruling and federal court orders interpreting the TCPA are matters of federal law.  High Q Automotive further states that Plaintiff's characterization of those federal statutes, rules, regulations and orders constitute conclusions of law for which no response is required.  Except as admitted, the allegations of this paragraph are denied.

49. High Q Automotive admits that the TCPA and any FCC rules, regulations, and ruling and federal court orders interpreting the TCPA are matters of federal law.  High Q Automotive further states that Plaintiff's characterization of those federal statutes, rules, regulations and orders constitute conclusions of law for which no response is required.  Except as admitted, the allegations of this paragraph are denied.

50. High Q Automotive denies this paragraph.

51. High Q Automotive denies this paragraph.

52. High Q Automotive denies this paragraph.

53. High Q Automotive denies this paragraph.

54. High Q Automotive denies this paragraph.

55. High Q Automotive denies this paragraph to the extent it incorporates every preceding paragraph, some of which were denied.

56. High Q Automotive denies this paragraph.

57. High Q Automotive denies this paragraph.

58. High Q Automotive denies this paragraph.

59. High Q Automotive denies this paragraph.

60. High Q Automotive denies this paragraph to the extent it incorporates every preceding paragraph, some of which were denied.

61. High Q Automotive admits that the TCPA and any FCC rules, regulations, and ruling and federal court orders interpreting the TCPA are matters of federal law.  High Q Automotive further states that Plaintiff's characterization of those federal statutes, rules, regulations and orders constitute conclusions of law for which no response is required.  Except as admitted, the allegations of this paragraph are denied.

62. High Q Automotive admits that the TCPA and any FCC rules, regulations, and ruling and federal court orders interpreting the TCPA are matters of federal law.  High Q Automotive further states that Plaintiff's characterization of those federal statutes, rules, regulations and orders constitute conclusions of law for which no response is required.  Except as admitted, the allegations of this paragraph are denied.

63. High Q Automotive admits that the TCPA and any FCC rules, regulations, and ruling and federal court orders interpreting the TCPA are matters of federal law.  High Q Automotive further states that Plaintiff's characterization of those federal statutes, rules, regulations and orders constitute conclusions of law for which no response is required.  Except as admitted, the allegations of this paragraph are denied.

64. High Q Automotive admits that the TCPA and any FCC rules, regulations, and ruling and federal court orders interpreting the TCPA are matters of federal law.  High Q Automotive further states that Plaintiff's characterization of those federal statutes, rules, regulations and orders constitute conclusions of law for which no response is required.  Except as admitted, the allegations of this paragraph are denied.

65. High Q Automotive denies this paragraph.

66. High Q Automotive denies this paragraph.

67. High Q Automotive denies this paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Messages Not "Telemarking" or "Advertising")

1. The text messages allegedly sent to Plaintiff and any members of the putative class were not "telemarking" or "advertising" and as such, the prior express written consent of Plaintiff and/or any members of the putative class was not required under the TCPA.

### Second Affirmative Defense

### (Consent)

2. Plaintiff and any members of the putative class provided the requisite consent to High Q Automotive conduct by virtue of the conduct of Plaintiff and any members of the putative class.

### Third Affirmative Defense

### (No ATDS or Prerecorded Voice)

3. The text messages and phone calls allegedly sent and placed to Plaintiff and any members of the putative class were not sent using an automatic telephone dialing system or prerecorded voice.

### Fourth Affirmative Defense

### (Established Business Relationship)

4. The Plaintiff and any members of the putative class had an "established business relationship," as defined in 47 C.F.R. §64.1200(f)(6), with High Q Automotive.

### Fifth Affirmative Defense

### (Ratification)

5. The claims of Plaintiff and any members of the putative class are barred, in whole or in part, by the doctrine of ratification and estoppel and because Plaintiff and/or any members of the putative class acquiesced to any conduct engaged in by High Q Automotive.

### Sixth Affirmative Defense

### (Waiver)

6. The claims of Plaintiff and any members of the putative class are barred by the doctrine of waiver.

### Seventh Affirmative Defense

### (Estoppel)

7. The claims of Plaintiff and any members of the putative class are barred, in whole or in part, by their own conduct, actions, and inactions, which amount to and constitute an estoppel of all claims and relief sought.

### Eighth Affirmative Defense

### (Unclean Hands)

8. The claims of Plaintiff and any members of the putative class are barred, in whole or in part, by the doctrine of unclean hands.

### Ninth Affirmative Defenses

### (Lack of Standing)

9. Plaintiff lacks standing to bring the claims at issue because, for among other reasons, Plaintiff did not suffer any injury-in-fact that was concrete and particularized, and actual or imminent. Plaintiff also has no standing to serve as an adequate class representative.

### Tenth Affirmative Defense

**(Statute of Limitations)**

10. To the extent the claims of any members of the putative class arose prior to the applicable statutory period, those claims are barred, in whole or in part, by the statute of limitations.

**Eleventh Affirmative Defense**

**(Failure to State a Claim)**

11. Plaintiff's complaint fails to state a claim upon which relief can be granted.

**Twelfth Affirmative Defense**

**(Suit May Not Proceed as a Class Action)**

12. High Q Automotive alleges that Plaintiff may not maintain this lawsuit as a class action because his purported claim is not sufficiently typical or representative of those of the putative class, his purported claim is adverse to the interests of the members of the putative class, there are no questions of law or fact common to the putative class, common issues of fact and law do not predominate over individual issues, proof particular to each putative class member's claims and defenses thereto will vary widely, damages cannot be proven on a class-wide basis, the purported class representative will not adequately represent the putative class, and a class action is not a manageable or superior method for adjudicating the purported claims set forth in the Complaint.

**Request for Trial by Jury**

13. High Q Demands a trial by jury.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY the undersigned electronically filed on this 6th day of August, 2018 the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to:   Andrew J. Shamis, Esq., Shamis & Gentile, P.A., 14 NE 1st Avenue, Suite 400, Miami, FL  33132 - ashamis@shamisgentile.com.

        COONEY TRYBUS KWAVNICK PEETS
        Attorneys for Defendant
        1600 West Commercial Boulevard, Suite 200
        Fort Lauderdale, FL 33309
        Telephone:  (954) 568-6669
        Fax:  (954) 568-0085
        Primary E-Mail:  reception@ctkplaw.com
        Secondary E-Mail:  yhall@ctkplaw.com

             /s/ BRUCE TRYBUS
By: _____
        BRUCE TRYBUS
        Florida Bar No. 972983